UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AESHIA REMAE EDWARDS also known as AESHIA REMAE WILLIS,

Plaintiff,

v.

KING COUNTY DEPARTMENT OF CORRECTIONS et al.,

Defendant.

CASE NO. 2:25-cv-01319-TL-BAT

**REPORT AND RECOMMENDATION FOR DISMISSAL WITH PREJUDICE**

On May 20, 2026, Defendants moved for summary judgement filed. Dkt. 27. Plaintiff has not responded, and the motion, noted for June 18, 2026, is ripe for the Court's consideration. Defendants correctly contend Plaintiff failed to exhaust her administrative remedies, and the Court accordingly recommends the case be **DISMISSE**D with prejudice.

## BACKGROUND

On July 15, 2025, Plaintiff, who was then a Washington Corrections Center for Woman detainee, filed a form § 1983 civil rights complaint against King County Correctional Facility (KCCF). Dkt. 1. In Count I, Plaintiff alleged when she was detained at the KCCF, Defendant's failure to "train, supervise, or instruct" staff led to Plaintiff being assaulted by another KCCF inmate; in Count II Plaintiff alleged a "failure to protect" in that jail staff left a door open

allowing another inmate to assault Plaintiff; and in Count III Plaintiff alleged "extreme and outrageous conduct" in that "inmate running/escaping into another unit as well as an officer saying 'that is why you got your butt whooped."

On September 9, 2025, Defendant filed a Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim upon which relief may be granted, Dkt. 9, and a *Rand* Notice warning. Dkt. 10. Defendant contended the sole Defendant Plaintiff named, the KCCF, is not a legal entity that can be sued in a § 1983 civil rights case. The Court agreed and recommended the KCCF be dismissed as a defendant with prejudice, and Plaintiff be granted leave to file an amended complaint that named proper defendants who can be sued under § 1983. The assigned district judge adopted the recommendation and dismissed the complaint against KCCJ with prejudice on November 25, 2025. Dkt. 15.

On December 30, 2026, Plaintiff filed an amended complaint against Defendants King County Department of Corrections, and corrections officers Sang, Robinson, and Douglas. Dkt. 18. Plaintiff alleged in Count I "Failure to Train, Supervise or Instruct Inadequate Medical Care; Count II "Protection while under King County Custody," and Count III "Aiding another to commit. Mixing custody level." *Id.* The amended complaint alleges that while Plaintiff was a KCCJ detainee, between July 10 and 11, 2024, officer Sang opened a maximum security door during a security check and left another door open which allowed another inmate Shellonda Daniel" to assault and injure Plaintiff. Dkt. 18 at 5. Plaintiff alleges officers Sang and Robinson failed to protect her by leaving the door open due to lack of training, supervision and instruction and their conduct was outrageous. Plaintiff further alleges officers Sang and Robinson aided another inmate to leave her unit and to assault Plaintiff. She alleges officer Douglas stated, "that's why you got your butt whooped."

On May 20, 2026, Defendants moved for summary judgment. Dkt. 27. Defendants contend the Court should dismiss the case because Plaintiff failed to properly exhaust her administrative remedies at the KCCJ.

## DISCUSSION

### A. Summary Judgment Standard

The Court may grant summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986). Defendants as the moving party must initially show "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If Defendants make this showing, Plaintiff then must show a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 585–87 (1986). A genuine dispute exists if the evidence shows a "reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 258. Material facts are those which might affect the outcome of the suit under governing law. *Id*. A mere scintilla of evidence cannot create a factual dispute. *Id*. at 252. Likewise, the nonmoving party cannot "defeat summary judgment with allegations in the complaint, or with unsupported conjecture or conclusory statements." *Hernandez v. Spacelabs Med. Inc*., 343 F.3d 1107, 1112 (9th Cir. 2003).

Allegations based merely on the Plaintiff's belief are not enough to oppose summary judgment, as are unsupported conjecture and conclusory statements. *Id*.; *McElyea v. Babbitt*, 833 F.2d 196, 197–98 n.1 (9th Cir. 1987). In ruling on Defendants' summary judgment motion, the Court draws all reasonable inferences in favor of Plaintiff, *Matsushita Elec. Indus. Co*., 475 U.S. at 587, and may not weigh the evidence or make credibility determinations, *Anderson*, 477 U.S.

at 248. The Court may grant summary judgment only if "the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3); *see Heinemann*, 731 F.3d at 916. A fact may be considered undisputed at summary judgment if it is raised in an unopposed motion. Fed. R. Civ. P. 56(e)(3); *Heinemann*, at 916.

**B. Mandatory Exhaustion Requirement**

Defendants are entitled to summary judgment because there is not dispute that Plaintiff filed the present lawsuit as a detained prisoner without first properly exhausting the administrative remedies that were available to her at the King County Jail. Prisoners cannot bring a civil rights action under 42 U.S.C. § 1983, unless they first exhaust all available administrative remedies. Under the Prison Litigation Reform Act of 1995 ("PLRA"):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion in cases covered by § 1997e(a) is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Exhaustion must be proper and complete. Thus, the mere fact a plaintiff has filed an initial grievance under a detention center's grievance policy does not satisfy the PLRA exhaustion requirement; a plaintiff must exhaust all levels of an available grievance procedure before he can initiate litigation. *See id.* at 736–41. Even when the prisoner seeks relief not available in grievance proceedings, such as money damages, exhaustion is still a prerequisite to suit. *Booth*, 532 U.S. at 741. If a claim is not exhausted, it must be dismissed. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

Failure to exhaust administrative remedies may be brought in a summary judgment motion. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014). Once the defendant proves (1) there was an available administrative remedy and (2) the plaintiff failed to exhaust the available

remedy, the burden shifts to the plaintiff. To avoid dismissal, Plaintiff must show there was something unusual about her claim that made the "existing and generally available administrative remedies effectively unavailable to h[er]." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (*citing Hilao v. Est. of Marcos*, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).

Here, Plaintiff filed her suit in 2025 against the Defendant KCCF while she was incarcerated in a DOC facility; Plaintiff is thus subject to the PLRA's exhaustion requirement. In support of the contention Plaintiff failed to exhaust her remedies Defendants submitted the sworn declaration from the KCCF's records custodian, Ms. Williams the Records and Information Systems Program Manager. Dkt. 28. Ms. Williams maintains all booking records, all grievance records, and keeps and maintains the facilities' policies and handbooks, and attached true and correct copies of excerpts from the KCCJ's Inmate Information Handbook describing the jail's grievance procedures during Plaintiff's incarceration, and Plaintiff's booking and grievance history. *Id.*

In her declaration, Ms. Williams sets forth the foundation for the grievance procedures needed to exhaust the KCCJ's administrative remedies which includes completion of the appeal process, and record keeping at the KCJ. The Inmate Information Handbook indicates grievances must be submitted within 14 days of the incident that is being grieved. The grievance process provides several layers of review. First an inmate must advise staff involved to see if the matter can be resolved. Second, if the matter is not resolved, an inmate must submit a written grievance. And third, if the inmate's written grievance is denied, the inmate may appeal the grievance. Exhaustion of remedies thus requires an inmate to appeal.

Ms. Williams avers Plaintiff has been booked into the KCCJ on multiple occasions and was in KCCF detention during the month of July 2024. She further avers Plaintiff has filed

numerous grievances in 2024 and 2025, but Plaintiff did not file a grievance concerning an alleged assault between July 10 and July 11, 2024 by inmate Shellonda Daniel.

Upon review of the evidence of record, the Court finds Defendants have satisfied their burden to prove (1) grievance procedures were available to Plaintiff at the KCCJ; (2) Plaintiff used those procedures at the KCCJ numerous times; and (3) Plaintiff did not grieve the claim she asserts in her complaint. The PLRA requires Plaintiff to exhaust the administrative remedies that were available to her before filing her § 1983 complaint. Plaintiff failed to do so. Accordingly, the record before the Court establishes Plaintiff failed to exhaust the administrative remedies that were available to her m as to the claim he asserts in his complaint. Ms. William's declaration establishes KCCJ provides administrative remedies to inmates and that these remedies were available to Plaintiff. There can be no dispute administrative remedies were available to Plaintiff.

Thus, the burden shifts to Plaintiff to show the KCCJ's administrative procedures were effectively unavailable to her to redress the claims she presents in this suit. Plaintiff has failed to meet her burden because she has failed to respond to the motion for summary judgment and there is nothing in the record that indicates she properly exhausted her administrative remedies or that such remedies were unavailable to her.

The Court thus finds Plaintiff has failed to exhaust his administrative remedies, and there are no grounds to excuse this failure. Because failure to exhaust administrative remedies is case dispositive, the Court need not address the merits of Plaintiff's allegations. *See Wright v. King County*, 2018 WL 6977455 *3 (W.D. Wash. 2018) ("Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim.").

The Court accordingly recommends Defendants' motion for summary judgment be **GRANTED**, and the case be **DISMISSED** with prejudice. Dismissal with prejudice is

appropriate because nearly two years have passed since the alleged July 2024 incident and Plaintiff can no longer properly exhaust the administrative remedies that were available to her which in this case are subject to timeliness rules which have long lapsed. *See Perttu v. Richards*, 605 U.S. 460, 465 (2025) (Prisoners are required to properly exhaust their administrative remedies and proper exhaustion requires prisoners to complete the administrative review process in accordance with the applicable detention facilities procedural rules).

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Thus, Plaintiff should not file a notice of appeal in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **July 13, 2026.** The Clerk shall note the matter for **July 14, 2026**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. The failure to timely object may affect the right to appeal.

DATED this 22nd day of June, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge